United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY DUANE CREER,

    Plaintiff,

  v.

CITY OF SAN PABLO,

    Defendant.
_____/

No. C 08-02329 MHP

**MEMORANDUM & ORDER**

**Re: Remand**

    On February 8, 2008 plaintiff Anthony Creer commenced an action in the Superior Court of California against the City of San Pablo. Defendant was allegedly served the complaint on April 8, 2008. On May 6, 2008 defendant removed to this court claiming federal question jurisdiction.

    A review of the face of the complaint does not reveal federal questions. Defendant claims several of plaintiff's causes of action purport to arise under 42 U.S.C. section 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The complaint does not specify causes of action and appears to be a form complaint used in contract disputes. See Notice of Removal, Exh. A.

    The Notice of Removal also includes a Case Management Statement that purports to list a number of causes of action, including false arrest, "rush to judgment", illegal use of search warrant, civil rights violation, "no proof of crimes...", defamation, professional negligence and breach of warranty. See id., Exh. C. Nowhere does plaintiff assert that any of these claims are brought under federal law. Indeed, most of the claims are purely state law claims for which there is no comparable federal statute. As to the others which may appear to sound as if they are federal claims because they could invoke federal civil rights or search and seizure law, there are equally applicable state laws.

1  For example, California has a number of civil rights statutes, including but not limited to

2  Government Code section 12940 and Civil Code section 51.  And, Art. I, section 13 of the California

3  Constitution enshrines the same protections as the Fourth Amendment to the U.S. Constitution.

4  Since plaintiff filed his suit in state court, this court assumes he meant to utilize his state law

5  remedies.   This court cannot presume federal law.

6        The removal statute is strictly construed against removal jurisdiction.  Indeed, "[f]ederal

7  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

8  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  Here, there is no

9  invocation of a federal question on the face of the complaint.  Though it is unclear what plaintiff

10  means by "rush to judgment," it is clear that defendant has rushed to remove.  Consequently, since

11  federal question jurisdiction does not appear on the face of plaintiff's complaint this court *sua sponte*

12  orders remand of the above-entitled action.

13        Accordingly, this action is REMANDED to the Superior Court of the County of Contra

14  Costa and the Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of

15  that Court.

16        IT IS SO ORDERED.

17  Dated: May 14, 2008

18                                            MARILYN HALL PATEL
                                          United States District Court Judge
                                          Northern District of California